*United States v. De Jesus Sierra*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand twenty-three.

PRESENT:
> AMALYA L. KEARSE,
> ROSEMARY S. POOLER,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

---

United States of America,

> *Appellee,*

> v.                                    **21-440**

Diogenes De Jesus Sierra,
AKA Diogenes Estes,

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Diogenes De Jesus Sierra, pro se, Fort Dix, NJ. |
| **FOR APPELLEE:** | Jonathan L. Bodansky, Stephen J. Ritchin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's February 2, 2021, judgment denying compassionate release is **AFFIRMED**.

Defendant-Appellant Diogenes De Jesus Sierra, pro se, appealed the district court's orders denying (1) his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and (2) his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). De Jesus Sierra was convicted of distribution and possession with intent to distribute heroin under 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C) and conspiracy to distribute heroin under 21 U.S.C. §§ 841(b)(1)(C) and 846. In 2014, the district court sentenced De Jesus Sierra to 360 months of imprisonment. In 2020, he moved for a sentence reduction and separately moved for compassionate release. The district court sua sponte denied the motions. In December 2021, this court dismissed his appeal as to the sentence reduction under § 3582(c)(2) and permitted the appeal as to compassionate release to proceed in the ordinary course. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

De Jesus Sierra has waived any appellate challenge to the district court's denial of his compassionate release motion because he raised no arguments in his brief as to the district court's rationale for denying his compassionate release motion. *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (holding that a pro se litigant "waived any challenge" to the district court's adverse ruling because the litigant's brief mentioned the substance of the ruling only "obliquely and in passing"); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998)

("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

To the extent that De Jesus Sierra's brief on appeal argues, on the basis of the First Step Act of 2018, that the district court erred in denying his motion for a reduction of his sentence, those arguments are foreclosed by this court's order dated December 29, 2021 (2d Cir. No. 21-440, Doc. 42) dismissing his appeal as to that decision. To the extent that De Jesus Sierra instead argues that the district court erred in not granting him compassionate release in light of the First Step Act, he did not make that argument to the district court and therefore it is subject to review only for plain error. The standard for plain error is as follows: "*First*, there must be an error. *Second*, the error must be plain. *Third*, the error must affect substantial rights, which generally means that there must be a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021) (internal quotation marks omitted).

De Jesus Sierra cannot meet even the initial part of this standard because his premise that the First Step Act is applicable to him lacks an arguable basis either in law or fact. The relevant provision of the First Step Act provides that "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*." First Step Act of 2018, Pub. L. No. 115-391, § 401(c), 132 Stat. 5194 (emphasis added). Because De Jesus Sierra was sentenced in 2014 before the enactment of the First Step Act in 2018, he is not eligible for relief under § 401(a).

\*     \*     \*

3

We have considered De Jesus Sierra's remaining arguments, which we conclude are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court